UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Kimberly Loree

    Plaintiff, on behalf of all others similarly situated,

v.

Client Financial Services
of Michigan LLC,
Michael Maythaler, and
Melvin Reynolds,

    Defendants, jointly and severally.

Case No. 11-
Hon.

**Demand for Jury Trial**

_____/

## CLASS ACTION COMPLAINT

Plaintiff, by her attorneys, and for her Class Action Complaint and Demand for Jury Trial, states as follows:

### INTRODUCTION

1. This case arises from Defendants' unfair and illegal debt collection practices.

2. Defendant Client Financial Services of Michigan, LLC is a debt collection firm. In conducting its business, Defendant has used collection methods which violate federal and state law and are unfair to Plaintiff and the members of the class.

3. Defendants Michael Maythaler and Melvin Reynolds are owners, employees and/or agents of Defendant Client Financial Services of Michigan. Defendants Maythaler and Reynolds were personally involved in the debt collection activities at issue in this case. Among other things, they participated in the formulating, implementing, authorizing, and ratifying of the unfair collection methods at issue in this case.

4. In conducting their business, Defendants have used collection methods which violate federal and state law and are unfair to Plaintiff and the members of the class.

5. Specifically, Defendants have caused agents or employees to leave telephone messages attempting to collect debts which violate the Fair Debt Collection Practices Act ("FDCPA") and Michigan Occupational Code in numerous ways.

6. Defendants' agents and employees leave telephone messages with consumers but fail to state who they are calling on behalf of, fail to identify themselves as a debt collector, and fail to state that they are attempting to collect a debt.

7. Defendants' agents and employees also fail to state that they are attempting to collect a debt and that any information obtained could be used for that purpose

8. Defendants' agents and employees also use pseudonyms when identifying themselves to a consumer.

9. On information and belief, Defendants have used, and continue to use, similar debt collection methods with all members of the class.

## JURISDICTION

10. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and pursuant to 15 U.S.C. § 1692k(d).

11. This action arises out of Defendants' illegal efforts to collect a consumer debt in violation of the Fair Debt Collection Practices Act and the Michigan Occupation Code.

12. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, the individual Defendants reside here, and Defendants transact business here.

## PARTIES

13. Plaintiff Kimberly Loree is a natural person who resides in this District, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and MCL § 339.901(f).

14. Defendant Client Financial Services of Michigan, LLC is a collection agency whose registered agent is Michael R. Meythaler and whose registered agent's mailing address is 5406 Gateway Centre Flint, MI 48507. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is a "collection agency" as that term is defined by MCL § 339.901(b).

15. Defendant Michael Maythaler is the president of Client Financial Services of Michigan, LLC. Defendant Maythaler is a resident of this district and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is a "collection agency" as that term is defined by MCL § 339.901(b).

16. Defendant Melvin Reynolds is the vice president of Client Financial Services of Michigan, LLC. Defendant Reynolds is a resident of this district and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is a "collection agency" as that term is defined by MCL § 339.901(b).

## FACTUAL ALLEGATIONS

17. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes that went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and MCL § 339.901(a).

18. Defendants sent the collection communications to Defendant described above in violation of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692f, and 1692g.

19. On information and belief, Defendants have sent similar communications to the members of the class committing the same violations.

20. Defendants were personally involved in the illegal debt collection actions at issue in this case.

21. These defendants were personally involved in formulating, implementing, authorizing, and ratifying the language of the debt collection phone calls and voicemail messages at issue in this case and authorized the use of those phone calls and voicemail messages.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action against Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of a class consisting of all persons who received phone calls and voicemail messages similar to those received by Plaintiff.

23. Plaintiff is a member of the class and will fairly and adequately assert and protect the interests of the class. Plaintiff's interests are consistent with, and not antagonistic to, those of the other members of the class. She seeks to represent a class of individuals harmed by the same conduct that harmed her. As such, vindication of her claims will also be vindication of the other class members' claims.

24. Plaintiff has retained attorneys who will provide adequate representation. Plaintiff's attorneys are experienced in complex litigation and consumer issues. They are also experienced in litigating class actions, including consumer class actions.

25. For example, the Mantese Honigman firm is currently involved in litigation of a class action against Defendants and other individuals alleging similar violations of the FDCPA.

26. The Mantese Honigman firm is also involved in a ground-breaking class action against the Department of Defense regarding insurance coverage for a certain autism treatment provided to children from military families. Plaintiff's lawyers have been involved in numerous

class actions regarding insurance coverage for autism treatment, including *Johns v Blue Cross*, which was favorably settled on behalf of the plaintiff class.

27. Plaintiff's counsel have litigated, and are currently litigating, numerous other class actions in state and federal courts.

28. Members of the class are so numerous that joinder of all members of the class is impracticable. Upon information and belief, there are at least hundreds of members of the class whose identities can be ascertained from the records and files of Defendants and from other sources.

29. Common questions of law and fact regarding Defendants' uniform illegal conduct predominate over any questions affecting only individual members of the class. Here, the common question is whether Defendants sent out collection communications which violated federal and Michigan statutes. This raises primarily questions of law and questions regarding Defendants' conduct. The actions and circumstances of the individual class members are largely irrelevant. Accordingly, common questions predominate over individual issues.

30. The prosecution of separate actions by individual members of the class would create a risk of, among other things, inconsistent or varying adjudications with respect to individual members of the class. Specifically, inconsistent results from multiple actions would result in Defendants treating similarly situated consumers differently. There is a risk that some consumers will be able to recover for Defendants' illegal conduct, while other consumers may not recover for the same illegal conduct. Defendants, meanwhile, would be required to operate under these inconsistent mandates, while treating similarly situated consumers differently.

31. The prosecution of separate actions would also create a risk of adjudication with respect to individual members which would, as a practical matter, be dispositive of the interests of

other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

33. Class treatment provides manageable judicial treatment of this case, calculated to bring a rapid conclusion to all litigation of all claims arising out of Defendants' conduct. Given that this case revolves around questions of law arising from uniform conduct, it can be efficiently resolved through a class action.

32. The claims of the lead Plaintiff are typical of the claims of the class, and the class action method is appropriate for the fair and adequate prosecution of this action. This case arises from the uniform conduct of the Defendants and is based on Defendants' violations of federal and Michigan statutes. The conduct and circumstances of the individual class members' is largely irrelevant. Because these claims arise from uniformly-illegal conduct, Plaintiff's claims are typical of the class.

33. Class treatment provides manageable judicial treatment of this case, calculated to bring a rapid conclusion to all litigation of all claims arising out of Defendants' conduct. Given that this case revolves around questions of law arising from uniform conduct, it can be efficiently resolved through a class action.

34. The certification of a class would also allow litigation of claims that, in view of the expense of litigation, may be insufficient in amount to support separate claims. Specifically, the damages authorized by the statutes are such that they do not warrant individual litigation by each and every class member.

35. Accordingly, Plaintiff brings this action on behalf of herself and on behalf of all other members of the class.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

36. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendants violate the FDCPA 15 U.S.C. § 1692 et seq., including, *inter alia*, 15 U.S.C. §§ 1692e 1692f, and 1692g.

38. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to her actual damages plus statutory damages in an amount up to $1,000.00 per person, pursuant to 15 U.S.C. § 1692k(a)(2)(A), the maximum damages provided by 15 U.S.C. § 1692k(a)(2)(B) for all class members who are not named, and reasonable attorney's fees and costs pursuant to the common fund doctrine and/or 15 U.S.C. § 1692k(a)(3).

## COUNT II.
## MICHIGAN OCCUPATIONAL CODE
## MCL § 339.901 et seq.

39. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendants violate the Michigan Occupational Code, MCL § 339.901 et seq., including MCL §§ 339.915, and 339.918.

41. Defendants' acts and practices were a willful violation of the Michigan Collection Practices Act.

42. As a result of Defendants' willful violations of the Michigan Collection Practices Act, Plaintiff and the class are entitled to treble the actual damages per class member or treble statutory damages in an amount of $150 per class member, whichever is greater, plus reasonable attorney fees and court costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally:

- for an award of actual damages plus statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and MCL § 339.916(2), including treble statutory damages;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), MCL § 339.916(2), and the common fund doctrine;

- for an injunction ordering Defendants not to commit the violations described herein now or in the future; and

- for such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

A Jury Trial is hereby demanded.

Respectfully submitted,

s/David Honigman
David Honigman (P33146)
dhongiman@manteselaw.com
1361 E. Big Beaver Rd.
Troy, MI 48083
(248) 457-9200
Attorney for Plaintiff

Andrew L. Campbell (P64391)
Hundy24@yahoo.com
653 S. Saginaw Street, Suite 201
Flint, MI 48502
(810) 232-4344
Attorney for Plaintiff

Dated: November 1, 2011